UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW DOUGLAS, | Case No. 3:25-cv-00339-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| JEREMY BEAN, *et al.*, | |
| Respondents. | |

**I.   SUMMARY**

This habeas matter is before the Court for initial review of Petitioner Matthew Douglas's *pro se* petition for writ of habeas corpus (ECF No. 1-1 ("Petition")) under 28 U.S.C. § 2254 pursuant to the rules governing § 2254 cases.[1] Also before the Court is Douglas's application to proceed *in forma pauperis* ("IFP application" (ECF No. 1)) and motion to extend copy work (ECF No. 5) ("Motion)). The Court concludes that the Petition is subject to multiple substantial defects, summarily dismisses the Petition without prejudice, grants the IFP application, and denies his Motion as moot.

**II.   DISCUSSION**

Under Habeas Rule 4, the assigned judge may examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the rules governing § 2254 cases in the United States District Courts. Petitioner filed the petition under 28 U.S.C. § 2241; however, the Court will apply the Rules in this action as authorized by Habeas Rule 1(b).

**A.    Exhaustion**

Douglas challenges a 2019 state court judgment of conviction pursuant to a guilty plea. He initiated this federal habeas action on July 9, 2025.[2] (ECF No. 1-1.) He asserts one ground for relief. Douglas claims his constitutional right to due process of law has been violated by the treatment of four leap year days in calculating his sentence. (*Id.* at 7.) He attaches an order by the state district court denying his state habeas petition, an order by the state district court denying his motion to modify and/or correct illegal sentence, as well as an order of affirmance by the Nevada Court of Appeals finding that Douglas failed to exhaust all available administrative remedies. In the order of affirmance, the Nevada Court of Appeals summarizes Douglas's claims as seeking the application of statutory credits to his sentence. (ECF No. 1-1 at 32.)

Although Douglas attaches an order of affirmance by the state appellate court, the state appellate court found that Douglas failed to exhaust all available administrative remedies. In addition, it appears that Douglas alleged different claims before the state appellate court than the claim he alleges in his Petition. Given that his claim is unexhausted in state court, the Petition fails to state a claim upon which habeas corpus relief could be granted. This action will be dismissed without prejudice.

**B.    Cognizability**

Douglas fails to allege a cognizable federal habeas claim. The Antiterrorism and Effective Death Penalty Act "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable

---

[2]In March 2025, Douglas filed a federal habeas corpus petition that was dismissed without prejudice for failure to exhaust his claims in state court. *See Douglas v. Bean*, Case No. 2:25-cv-00567-MMD-MDC, ECF No. 3.

1 federal habeas corpus claim." *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993).

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal courts may not reexamine state court decisions on state law issues). A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

Although Douglas mentions "due process" in his Petition, his claims present no federal question because they plainly involve the application or interpretation of state sentencing law. *See Swarthout v.Cooke*, 563 U.S. 216, 220-22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"). Douglas's claims concern a question of state law and therefore are not cognizable in federal habeas corpus proceedings.

### III. CONCLUSION

It is therefore ordered that Petitioner Matthew Douglas's petition for writ of habeas corpus (ECF No. 1-1) under 28 U.S.C. § 2254 is denied and this action is dismissed without prejudice.

It is further ordered that Petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted.

It is further ordered that Petitioner's motion to extend copy work (ECF No. 5) is denied as moot.

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

The Clerk of the Court is directed to enter final judgment accordingly and close this case.

The Clerk of the Court is further directed to make informal electronic service upon Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the

respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the Attorney General.  No response is required from Respondents other than to respond to any orders of a reviewing court.

DATED THIS 11th Day of August 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE